## HOBBS, WALL & CO. v. PETTERSON.

(Circuit Court of Appeals, Ninth Circuit. November 24, 1924.)

No. 4286.

Negligence ⬤≈134(2)—Finding of negligence held supported by evidence.

The mere suggestion by defendant of theories to account for an accident, unsupported by any evidence, does not throw the case into the realm of speculation or preclude a finding of defendant's negligence on circumstantial evidence.

In Error to the District Court of the United States for the Southern Division of the Northern District of California.

Action at law by S. Petterson against Hobbs, Wall & Co., a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 300 F. 811.

Jones & Dall and Esmond Schapiro, all of San Francisco, Cal., for plaintiff in error.

H. W. Hutton, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment in an action at law tried by the court without a jury pursuant to a written stipulation of the parties. The sufficiency of the testimony to support the general finding in favor of the defendant in error is the only question presented for our consideration. The defendant in error was employed as second officer on the steamer Crescent City, and while engaged in lowering the cargo booms to make the ship ready for sea, a block fell from the main mast and struck him on the arm, causing the injuries complained of. The block in question was hooked into an eyebolt on a band around the main mast about 100 feet above deck. The purpose for which the block was originally placed there does not clearly appear. The defendant in error was of opinion that it had been used at one time in connection with the wireless apparatus, but the only use actually made of it, so far as the record discloses, was on one occasion while painting the mast, some months prior to the accident, and on another occasion while decorating the ship with flags. It is customary to place a nosing, made of marlin or other material, around the front and back of such hooks to prevent them from unfastening. The complaint alleged that no such nosing was used here, and the denial of that allegation presented the sole

issue in the case. It is not claimed that there was a nosing on the hook after it fell, nor is it claimed that there was a nosing there at any particular time before the fall.

The block and hook had been painted some time previously, and a bare spot on the front and back of the hook indicated that there was a nosing there when painted. There is nothing in the record to indicate when the block was painted, however, unless painted at the same time as the mast, some months before. The master testified that such a nosing might last a couple of years; that if there had been a nosing there, it might have been broken off by a severe vibration of the mast, such as would occur in loading, or in shaking the mast with the steam winch; that a heavy sea might cause it, but that would not often happen. He further testified that the mast had been used three or four days in loading and had been vibrating during all that period; that such vibration might affect or brake the nosing, but he never knew that to occur, although it was liable to occur.

Under the foregoing facts, it cannot be said that the findings of the court are without support. It will be conceded, of course, that the burden was upon the defendant in error to establish negligence, and that if the testimony left the matter uncertain as to which of several causes brought about the injury without any satisfactory foundation in the testimony to support a conclusion that it was caused by the negligence of the plaintiff in error, there was a failure of proof. But the court was not compelled to accept any of the theories advanced by the plaintiff in error. The mere suggestion of such theories did not necessarily throw the case into the realm of speculation and compel a finding in its favor. As said by the court in Wabash Screen Door Co. v. Black, 126 F. 721, 725, 61 C. C. A. 639, 643:

"While the evidence was circumstantial, it was ample, in our opinion, to warrant the submission of the question to the jury under the instructions given. * * * Doubtless a jury ought not to be permitted to speculate, in the sense of guess, between causes, when no reasonable explanation of the injury can be found in the testimony. * * * But, in the absence of direct testimony, the simple suggestion of theories by the defense does not reduce the jury to mere speculation, and disqualify it from determining the cause of the injury complained of. The theories suggested may be forced and fanciful, finding no reasonable foundation in the facts proved. They may be ex-

planations which do not explain; which the common sense of the jury, when applied to the testimony, would instantly reject."

We find no error in the record, and the judgment is affirmed.